UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60159-CR-ZLOCH

UNITED STATES OF AMERICA,         :

    Plaintiff,                                  :

vs.                                                        :

EGOR SHEVELEV,                                :

    Defendant.                              :
_____/

# MOTION TO DISMISS INDICTMENT DUE TO POST-INDICTMENT DELAY IN VIOLATION OF SIXTH AMENDMENT RIGHT TO SPEEDY TRIAL AND SUPPORTING MEMORANDUM OF LAW

The defendant, Egor Shevelev, through counsel, and pursuant to the Sixth Amendment of the United States Constitution, respectfully moves to dismiss the indictment due to the government's violation of the defendant's constitutional right to a speedy trial, and further states as follows:

    1.    Mr. Shevelev is charged in a three count indictment with access device fraud and aggravated identity theft in violation of 18 U.S.C. §§ 1029 (a)(2) and (a)(3) and 1028 (a)(7). (DE-1). This indictment was filed on June 5, 2008. On July 15, 2008, the case was transferred to fugitive status. The notice transferring the case states that the reason for the transfer was that 30 days had passed and the defendant had not been arrested (DE-2).

    2.    On the date of the indictment, Mr. Shevelev was not present in the United States. Thereafter, sometime in the summer of 2008, Mr. Shevelev was located in Greece and arrested pursuant to a warrant in the above-styled case. He remained incarcerated in Greece on the warrant

until he was extradited to New York in July of 2010. Shevelev was held there on a New York State Court indictment charging conduct similar to that charged in the instant case. Mr. Shevelev remained in custody in New York until he was convicted as charged in the New York State Court case earlier this year. He made his initial appearance on the indictment here on October 23, 2013 over five years after his indictment and arrest in Greece and over three years after he entered the United States. On information and belief, nothing was done at all by the government to bring Mr. Shevelev to the Southern District of Florida to answer for the above styled case until last month. Mr. Shevelev was incarcerated in New York and available for prosecution here since July 2010.

## MEMORANDUM OF LAW

The Sixth Amendment to the United States Constitution guarantees that, "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial . . . ." U.S. Const. amend. VI. The Sixth Amendment right to a speedy trial attaches when the defendant is indicted, arrested, or otherwise officially accused and continues until the date of trial. *United States v. Gonzalez*, 671 F. 2d 441, 444 (11th Cir. 1982).

In *Barker v. Wingo*, 407 U.S. 514, 530 (1972), the United States Supreme Court established a four-pronged test to determine whether a defendant's right to a speedy trial has been violated based on post-indictment delay. The four factors are (1) the length of the delay; (2) the reason for the delay; (3) the defendant's assertion of the speedy trial right; and (4) the prejudice to the defendant as a result of the delay. In order to trigger a Speedy trial analysis, the accused must allege that the length of the delay between the indictment and trial is presumptively prejudicial. *Doggett v. United States,* 505 U.S. 647 (1992). If the threshold point is satisfied then the court may proceed with the final three factors in the *Barker* analysis. In *United States v. Ingram*, 446 F.3d 1332, 1336-37 (11th

Cir. 2006) (two-year delay triggered presumption of prejudice) the Court, citing *Doggett*, observed that delays exceeding one year are generally found to be presumptively prejudicial. *Ingram*, 446 F.3d at 1336. Furthermore, the court found that the two-year delay in *Ingram* was sufficient to proceed with the *Barker* analysis. The court then conducted the analysis and reversed the district court's denial of the motion to dismiss finding Ingram's Sixth Amendment rights to have been violated. *Id*. at 1340.

In the instant case, the delay between the indictment and Mr. Shevelev's initial appearance in the Southern District of Florida on the indictment is approximately 64 months. Importantly, the delay between his arrival in the United States and incarceration in New York and his initial appearance here was approximately 40 months. Therefore, the length of the delay is presumptively prejudicial and this Court must proceed to evaluate the other three factors.

If the length of delay is presumptively prejudicial, and the second and third factors weigh heavily against the government, then the defendant need not show the fourth factor, actual prejudice, to succeed in showing a violation of the Sixth Amendment right to speedy trial. *Ingram*, 442 F. 3d at 1336 (citing *Doggett*, 505 U.S. at 647).

In this case, the second *Barker* factor, the reason for the post-indictment delay, should weigh heavily against the government. A defendant has no duty to bring himself to trial. *Barker*, 407 U.S. at 527. The Government has a "constitutional duty to make a diligent, good-faith effort" to locate and apprehend a defendant and bring that defendant to trial. *Smith v. Hooey*, 393 U.S. 374, 383 (1969); *United States v. Hayes*, 40 F.3d 362, 365 (11th Cir. 1994), *cert. denied*, 516 U.S. 812 (1995).

Whenever an individual has been officially accused of a crime, the government is obligated to use due diligence in attempting to locate and apprehend the accused, even if the accused is a

3

fugitive that is fleeing prosecution. *See Rayborn v. Scully*, 858 F.2d. 84, 90 (2d Cir. 1988). The burden is on the prosecutor to explain the cause of the delay. *Ingram*, 446F. 3dat 1337. Here the government did absolutely nothing to bring Mr. Shevelev to trial, until last month. There is no reason at all for this inaction and this factor must weigh heavily against the government.

      The third *Barker* factor, the assertion of the speedy trial right, should also weigh heavily against the government. Mr. Shevelev is asserting his speedy trial rights by filing the instant motion. The fourth *Barker* factor, prejudice to the defendant, need not be shown if the first three *Barker* factors weigh heavilyagainst the government. *See Ingram*, 446 F.3d at 1336. In *Ingram*, the court held that the defendant was not required to demonstrate actual prejudice when the post indictment delay was two years and the government was not diligent in bringing the defendant to trial. *Id*. at 1338-39. The *Ingram* court further stated that the rationale for presuming prejudice is that the excessive delay presumptively compromises the reliability of a trial in ways neither party can prove, or for that matter identify. *Id*.

      In the instant case, the delay is either 40 or 64 months. A delay becomes presumptively prejudicial as it approaches one year. *United States v. Knight*, 562 F.3d 1314, 1323 (11th Cir. 2009). The government knew where Mr. Shevelev was, had the power and authority to apprehend him, but did nothing to bring him to the Southern District of Florida to answer for the charges in the indictment. The government failed to pursue the prosecution of this case with due diligence and was grossly negligent in bringing Mr. Shevelev before the Court to answer for the instant charge. Accordingly, this Court should presume that Mr. Shevelev's defense has been prejudiced.

## CONCLUSION

Under the analysis set forth in *Baker v. Wingo*, Mr. Shevelev has been denied his constitutional right under the Sixth Amendment to a speedy trial. The 40-64 month delay between the indictment and Mr. Shevelev's initial appearance is a presumptively prejudicial delay and as the government did not pursue the prosecution of this case with reasonable diligence, the case must be dismissed.

WHEREFORE, the defendant respectfully requests that this Court grant this motion and dismiss the indictment due to thegovernment's violation of the defendant's Sixth Amendment right to a speedy trial.

>
> Respectfully submitted,
>
> MICHAEL CARUSO
> FEDERAL PUBLIC DEFENDER
>
> By:   *s/Timothy M. Day*
>       Timothy M. Day
>       Assistant Federal Public Defender
>       Florida Bar No. 360325
>       1 E. Broward Boulevard
>       Suite 1100
>       Fort Lauderdale, Florida  33301
>       (954) 356-7436
>       (954) 356-7556 (fax)
>       Timothy_Day@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on November 15, 2013, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Timothy M. Day*
Timothy M. Day

SERVICE LIST

UNITED STATES OF AMERICA v. EGOR SHEVELEV

Case No. 08-60159-CR-ZLOCH

United States District Court, Southern District of Florida

Timothy M. Day, Esquire
Timothy_Day@fd.org
Federal Public Defender's Office
1 E. Broward Blvd.
Suite 1100
Fort Lauderdale, Florida  33301
Telephone:  (954) 356-7436
Facsimile:  (954) 356-7556
Attorney for Egor Shevelev
[Service via CM/ECF]


Marc S. Anton, Esquire
Marc.Anton@usdoj.gov
United States Attorney's Office
500 E. Broward Blvd.
7th Floor
Fort Lauderdale, Florida  33301
Telephone:  (954) 356-7255
Facsimile:  (954) 356-7336
Attorney for United States of America
[Service via CM/ECF]


J:\Shevelev, Egor Reg 90952-054\Pleadings\ECF\Motion to Dismiss Indictment due to Post-Indictment Delay.wpd