UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO.  08-60159-CR-ZLOCH

UNITED STATES OF AMERICA,      :

    Plaintiff,      :

vs.      :

EGOR SHEVELEV,      :

    Defendant.      :
_____/

## OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The defendant, Egor Shevelev, through counsel, files these Objections to the Magistrate Judge's Report and Recommendation that the Defendant's Motion to Dismiss Indictment Due to Post Indictment Delay in Violation of the Sixth Amendment should be denied and further states as follows:

1. On November 15, 2013 Mr. Shevelev filed Motion to Dismiss Indictment Due to Post-Indictment Delay in Violation of Sixth Amendment Right to Speedy Trial and Supporting Memorandum of Law (DE-25). On December 2, 2013 the government filed Government's Response to Defendant's Motion to Dismiss Indictment Due to Post-Indictment Delay in Violation of Sixth Amendment Right to Speedy Trial (De-28). On December 12, 2013, Mr Shevelev filed a Reply to the Government's Response (DE-30). On January 3, 2014, the Magistrate Judge filed his Report and Recommendation that the motion to dismiss be denied (DE-31). Mr. Shevelev now files these objections to the Report and Recommendation.

## The Reason for the Delay

First, while finding that the delay was presumptively prejudicial and that the first *Barker* factor weighs heavily in favor of the defendant (see Report and Recommendation, hereafter R and R at 3-4) the Court concluded that the second factor, the reason for the delay, does not weigh in favor of the defendant. The Court is wrong both factually and legally. On this factor, while the Court recognized that the government has a duty to locate the defendant and bring the defendant to court in a timely manner, the Court somehow concluded that the government satisfied this duty because they "lodged a detainer and allowed Defendant to face charges in New York state court before moving to bring Defendant to the Southern District" (R and R at 4). This is wrong. As Shevelev explained, a defendant has no duty to bring himself to trial. *Barker v. Wingo,* 407 U.S. 514, 527 (1972). Lodging a detainer is not and cannot satisfy the government's constitutional obligation to bring a person before a court in a timely manner. *Smith v. Hooey,* 393 U.S. 374, 383 (1969). The government could have and should have secured the defendant's presence in the Southern District by way of a writ of habeas corpus ad prosequendum upon or shortly after Mr. Shevelev's arrival in the United States on July 2, 2010. The failure to do so violated Shevelev's speedy trial rights. The R and R is wrong in concluding otherwise and the defendant objects.  Furthermore, the R and R continues to err when it opined that, "when there are multiple charges in multiple jurisdictions, someone has to go first. By waiting its turn to prosecute, the federal government did not infringe upon Defendant's constitutional right to a speedy trial. To hold otherwise would mean that every defendant facing criminal proceedings in two jurisdictions would be able to escape criminal liability in one or the other jurisdiction with a claim of denial of speedy trial" (R and R at 5). Again, this finding is factually and legally wrong. First, it is noteworthy that this conclusion is unsupported by

any case citation and counsel believes that no such support exists in Eleventh Circuit case law. Second, it is the constitutional speedy trial rights of the defendant that are paramount, not the technical, logistical concerns of the prosecution. The R and R reverses this priority and, in finding otherwise, it erroneously concludes that the reason for the delay does not weigh in favor of the Defendant. Moreover, the Court distinguishes *Smith v. Hooey,* 393 U.S. 374 (1969) in finding that it has no application here as *Hooey* related to a defendant who was serving a sentence rather than awaiting trial (R and R at 4-5). While this is factually correct, the Court erred by disregarding the *premise* of *Hooey* that incarceration in one jurisdiction does not relieve the government of its obligation to diligently pursue his prosecution in another jurisdiction. In fact, the Court ruled otherwise in concluding, without citation support, that, "By waiting its turn to prosecute, the federal government did not infringe upon the Defendant's constitutional right to a speedy trial" (R and R at 5). Again, this is wrong legally and factually and the defendant objects.

### Actual Prejudice

As the R and R correctly recognizes that the defendant timely asserted his speedy trial rights and this factor weighs in favor of the defendant (R and R at 6), the Court then errs in not presuming prejudice and finding that Mr. Shevelev need not demonstrate prejudice. The Court erred because the length of the delay is presumptively prejudicial (as the R and R concludes at 3-4) and the second and third *Barker* factors weigh heavily against the government. Accordingly, the defendant need not show the fourth factor of actual prejudice. *See United States v. Ingram,* 446 F.3d 1332, 1336 (11th Cir. 2006). Thereafter, the Court erred in engaging in an actual prejudice analysis. Moreover, the analysis performed by the Court was wrong both factually and legally. The defendant did suffer oppressive pre-trial incarceration of 38 months which did maximize the anxiety and concern of the

3

defendant and converse to the finding in the R and R the government did not diligently pursue prosecution of the defendant, but waited for 38 months to bring him to the District (R and R at 7). The R and R found that the government acted reasonably and in a manner that minimized any anxiety and concern for the defendant (R and R at 7). This is wrong and the defendant objects. The government did nothing for 38 months to bring the defendant for trial. This is not reasonable and did not minimize anxiety and concern for the defendant. Further, the Court addressed the issue of the government's actions impairing the defense (R and R at 7). The Court ruled that the there was no evidence to show that the government was negligent in its effort to bring the defendant to court or that the government unreasonably delayed defendant's trial (R and R at 7). This is not correct. By choosing not to seek a writ and bring the defendant here after 38 months, the government was negligent and did unreasonably delay the trial and the defendant objects to this finding. Further, the Court found that there was no bad faith action or inaction on the part of the government that led to his conviction and him now being susceptible to impeachment as a convicted felon (R and R at 8). Once again this not correct and the defendant objects. The government delayed the prosecution for 38 months and as a result--wherein they chose not to seek a writ of habeas corpus prosequendum -- they gained for themselves an impermissible advantage at trial in that the defendant arrived at his trial in the district as a newly minted convicted felon courtesy of the government's delay. *See Doggett v. United States,* 505 U.S. 647, 656 (1992); *United States v. Clark,* 83 F.3d 1350, 1354 (11th Cir. 1996). Further, the Court did not find this fact (delay that led to the defendant being a convicted felon) to be actual prejudice and the defendant objects to the conclusion as wrong both factually and legally.

**Conclusion**

In sum, the balancing test in *Barker* weighs heavily in favor of Egor Shevelev and the R and R is wrong in finding that it does not. Further, Mr Shevelev's constitutional right under the Sixth Amendment to a speedy trial has been denied and the case must be dismissed. In concluding otherwise, the Report and Recommendation is wrong and Mr. Shevelev hereby objects to the factual and legal findings contained therein.

WHEREFORE, the defendant respectfully files these objections to the Report and Recommendation.

Respectfully submitted,

MICHAEL CARUSO
FEDERAL PUBLIC DEFENDER

By: *s/Timothy M. Day*
Timothy M. Day
Assistant Federal Public Defender
Florida Bar No. 360325
1 E. Broward Boulevard
Suite 1100
Fort Lauderdale, Florida  33301
(954) 356-7436
(954) 356-7556 (fax)
Timothy_Day@fd.org

## CERTIFICATE OF SERVICE

I HEREBY certify that on January 16, 2014, I electronically filed the foregoing document with the Clerk of the Court using CM/ECF. I also certify that the foregoing document is being served this day on all counsel of record or *pro se* parties identified on the attached Service List in the manner specified, either via transmission of Notices of Electronic Filing generated by CM/ECF or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

*s/Timothy M. Day*
Timothy M. Day

SERVICE LIST

UNITED STATES OF AMERICA v. EGOR SHEVELEV

Case No. 08-60159-CR-ZLOCH

United States District Court, Southern District of Florida

Timothy M. Day, Esquire
Timothy_Day@fd.org
Federal Public Defender's Office
1 E. Broward Blvd.
Suite 1100
Fort Lauderdale, Florida  33301
Telephone:  (954) 356-7436
Facsimile:  (954) 356-7556
Attorney for Egor Shevelev
[Service via CM/ECF]


Marc S. Anton, Esquire
Marc.Anton@usdoj.gov
United States Attorney's Office
500 E. Broward Blvd.
7th Floor
Fort Lauderdale, Florida  33301
Telephone:  (954) 356-7255
Facsimile:  (954) 356-7336
Attorney for United States of America
[Service via CM/ECF]


J:\Shevelev, Egor Reg 90952-054\Pleadings\Objections2RandR.01.wpd