UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 08-60159-CR-ZLOCH

UNITED STATES OF AMERICA,

    Plaintiff,

vs.                              **O R D E R**

EGOR SHEVELEV,

    Defendant.
_____/

    THIS MATTER is before the Court upon the Report And Recommendation (DE 31) filed herein by United States Magistrate Judge Patrick M. Hunt. The Court has conducted a _de novo_ review of the entire record herein and is otherwise fully advised in the premises.

    By the instant Motion To Dismiss Indictment Due To Post-Indictment Delay In Violation Of Sixth Amendment Right To Speedy Trial (DE 25), Defendant Egor Shevelev (hereinafter "Defendant Shevelev") moves the Court to dismiss the indictment due to the Government's violation of his constitutional right to a speedy trial. In his Report and Recommendation (DE 31), Judge Hunt sets forth the timeline of Defendant Shevelev's indictment and subsequent prosecution in New York state court as well as in the United States District Court of the Southern District of Florida. On June 5, 2008, Defendant Shevelev was charged in a three count indictment with two counts of access device fraud in violation of 18 U.S.C. § 1029(a)(2) and (3) and one count of identity theft in violation of 18 U.S.C. § 1029(a)(2) and § 1028(a)(7), (c)(3)(A),

and (d)(7)(D).  As Judge Hunt details, Defendant Shevelev was a fugitive and only extradited from Greece to the United States on July 2, 2010, at which time he was arrested on a New York warrant. A federal detainer was lodged against Defendant Shevelev, and on June 25, 2013, after his trial in New York, he was sentenced to an indeterminate term of thirteen and one-third years to forty years in New York state prison.  On September 10, 2013, this Court granted a Writ of Habeas Corpus Ad Prosequendum (DE 9), and Defendant Shevelev was arrested on September 19, 2013, and transferred to this District where he made his initial appearance on October 23, 2013 (DE 13).

Defendant Shevelev now claims that his Sixth Amendment right to a speedy and public trial has been violated based on the delay in his federal prosecution.  After careful review, the Court agrees with Judge Hunt's thorough and well-reasoned Report And Recommendation (DE 31).  Therein, he provided a discussion of the four factors the Court must consider in determining whether the Government violated the accused's right to a speedy trial: (1) length of delay; (2) reason for the delay; (3) defendant's assertion of his right; and (4) prejudice to the defendant. <u>Barker v. Wingo</u>, 407 U.S. 514, 530 (1972).  The Court now highlights significant conclusions made in the Report And Recommendation (DE 31).  Judge Hunt found that both factors (1) and (3) weighed in favor of Defendant Shevelev, the former of which the Government does not contest.  While Defendant Shevelev argued that the second factor weighed heavily against the Government, the Court agrees

2

with Judge Hunt that the Government was not inappropriately or unconstitutionally dilatory in the prosecution of the above-styled cause.  As Judge Hunt states, "[O]nce Defendant was convicted and sentenced in New York, the federal government took prompt action to bring him to the Southern District and prosecute the federal case." DE 31, p. 5.  The Court agrees with Judge Hunt that the instant facts are distinguishable from the situation of the defendant in Smith v. Hooey, in which the defendant, while serving a federal sentence, learned of subsequent state charges against him and, over a period of years, repeatedly requested dismissal or trial in the state court.  393 U.S. 374 (1969).  The Court finds that there was absolutely no need for Defendant Shevelev to be transported between New York and the Southern District of Florida to simultaneously face all pending charges against him.  Finally, the Court finds that Defendant Shevelev has suffered no actual prejudice, consistent with Judge Hunt's Report And Recommendation (DE 31).

In his Report And Recommendation (DE 31), Judge Hunt recommends that Defendant Shevelev's Motion To Dismiss Indictment Due To Post-Indictment Delay In Violation Of Sixth Amendment Right To Speedy Trial (DE 25) be dismissed.  The Court adopts Magistrate Judge Hunt's reasoning and conclusions.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** as follows:

1. Defendant Shevelev's Objections To The Magistrate Judge's Report And Recommendation (DE 32) be and the same are hereby **OVERRULED**;

3

2. The Report And Recommendation (DE 31) filed herein by United States Magistrate Judge Patrick M. Hunt be and the same is hereby approved, adopted, and ratified by the Court; and

3. Defendant Shevelev's Motion To Dismiss Indictment Due To Post-Indictment Delay In Violation Of Sixth Amendment Right To Speedy Trial (DE 25) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this   6th    day of February, 2014.

_____
WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

The Honorable Patrick M. Hunt
United States Magistrate Judge

All Counsel of Record